IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVONNE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| ATRIUM WINDOWS AND DOORS, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff Ivonne Brown (sometimes referred to herein as "Plaintiff" or as "Brown"), complaining of Defendant Atrium Windows and Doors, Inc.. (sometimes referred to herein as "Defendant" or "Atrium") and in support thereof would show the Court as follows:

### I.

### Introduction

1.01    Defendant Atrium Windows and Doors, Inc.,  wrongfully fired Plaintiff from her job in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq*. (the "FMLA").

### II.

### Parties

2.01    Ivonne Brown  is an individual who is a citizen of the State of Texas and resides in Rockwall, Texas.  Plaintiff can be contacted in care of her undersigned counsel.

2.02    Defendant Atrium Windows and Doors, Inc., Inc. has local offices located at 3890 W. Northwest Highway, Dallas, Texas 75220.   Defendant's agent for service of process in the State

of Texas is Robert M. Reed, Jr. whose address is 3890 W. Northwest Highway, Dallas, Texas 75220.

### III.

### Jurisdiction and Venue

3.01   Pursuant to 28 U.S.C. §1331, jurisdiction lies in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, including the Family and Medical Leave Act of 1993 (the "FMLA").

3.02   Venue for Plaintiff's cause of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. §1391.

### IV.

### Factual Allegations

4.01   Plaintiff went to work for Atrium Windows and Doors as Director of Human Resources on May 28, 2012.

4.02   On May 1, 2013, Plaintiff notified her direct supervisor Donna Manchester, Senior Vice President of Human Resources, that Plaintiff's mother had been hospitalized with a serious prognosis and that Plaintiff would need time off to care for her and her disabled father. Ms. Manchester acknowledged receipt of the notice by return email on May 1, 2013.

4.03   As a senior HR professional Ms. Manchester either knew or should have known that Plaintiff was going to be eligible for FMLA benefits on May 28, the anniversary of her employment, and would need time off to care for her mother and father.

4.04   On June 3, 2013, Plaintiff's mother suffered a subdural hemorrhage and required

emergency surgery. Plaintiff's mother has been diagnosed with dementia and Alzheimers.

4.05    Less than a week after being notified by Plaintiff on May 1, 2013, of possible FMLA leave, Ms. Manchester posted Plaintiff's job on Linkedin on May 7, 2013, and on Dallas HR on May 8, 2013.

4.06    Since Plaintiff has not been able to find a job since being fired by Defendant, Plaintiff has been unable to provide for her mother, who has therefore become a ward of the State of Texas effective December 17, 2013. The State has guardianship over Plaintiff's mother and Plaintiff will have to submit to a background check just to visit her. The State has the right to deny visitations. Plaintiff has suffered extreme mental anguish and emotional distress in having to submit her mother to State care, custody and control.

## V.

### First Count

### Family and Medical Leave Act Discrimination & Interference

5.01    The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

5.02    Plaintiff was just about to become an eligible employee under the FMLA when Plaintiff told Ms. Manchester of Plaintiff's family problems and Ms. Manchester fired her. Plaintiff had worked for Defendant for more than eleven (11) months, and had worked at least 1,250 hours during the eleven (11) months prior to taking the leave.

5.03    Defendant was subject to the provisions of the FMLA. Defendant employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site for twenty (20) or more work weeks in the prior or current calendar year.

5.04     Plaintiff's mother suffers from a "serious health condition" as defined by the FMLA. 29 U.S.C. § 2611(11). Plaintiff was about to be entitled to leave to care for her parent, her mother, pursuant to §2612(a)(1)(c) when Defendant interfered with Plaintiff's FMLA benefits by firing her. Plaintiff engaged in protected activity when she reported her mother's condition and need for leave.

5.05     As a result of the interference, discrimination, retaliation and termination by Defendant, Plaintiff has suffered significant financial loss, and the loss of benefits of her employment, including health insurance.

5.06     The aforementioned acts were and are a willful violation of the FMLA, and entitle Plaintiff to recover damages as provided by 29 U.S.C. § 2617, including liquidated damages. Plaintiff further seeks reinstatement to her position or a comparable position with reinstatement of benefits and seniority time, and with appropriate injunctive relief.

5.07     As a result of Defendant's actions, Plaintiff has found it necessary to hire the services of the undersigned attorneys, for which Plaintiff seeks further relief.

## VI.

## Jury Trial Demanded

6.01     Plaintiff hereby demands trial by jury of all claims to which she is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant:

(1)     Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity and past and future medical expenses;

(2)     Judgment for past and future losses for emotional pain and suffering,

        inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(3)    Liquidated and/or statutory damages;

(4)    Preliminary and permanent injunctive relief reinstating Plaintiff to her position with full seniority and other benefits as if she had never been discharged;

(5)    Prejudgment and Postjudgment interest at the maximum legal rate;

(6)    All costs of court;

(7)    Attorneys' fees;

(8)    Experts fees; and

(9)    Such other and further relief to which Plaintiff may be justly entitled.

DATE:  December 10, 2013.

        Respectfully submitted,

        KILGORE & KILGORE, PLLC

        By:  /s/ W.D. Masterson

        W.D. Masterson
        State Bar No. 13184000

        3109 Carlisle
        Dallas, TX  75204
        (214) 969-9099 - Telephone
        (214) 953-0133 - Fax

        **ATTORNEYS FOR PLAINTIFF**
        **IVONNE BROWN**